## Leavitt, Receiver, &c. *v.* Tylee and others.

An insolvent banking association organized under the General Banking Law, after a copy of a creditor's bill, and notice of an application for a receiver had been served on its President, and after the motion had been made, and a receiver ordered, assigned a portion of its real and personal estate to one who then or shortly before was a stockholder, to indemnify him and other stockholders against a precedent liability incurred by them for the association. The assignment was held to be invalid by the 8th and 9th sections of the title of the Revised Statutes relative to monied corporations. Also that it was a fraud upon the process and proceedings of the Court of Chancery, and therefore void.

As to the personal property assigned, the *lis pendens,* rendered the assignment inoperative ; and *semble,* that such was its effect as to the real estate, on the ground that the assignee was not a *purchaser* within the meaning of. the statute requiring notice of the pendency of a suit to be filed.

Nov. 27, 1843.

THE bill was filed by the Receiver of The North American Trust and Banking Company, to set aside an assignment of real and personal estate, made by the company to Daniel E. Tylee, in trust to indemnify him and others for liabilities which they had previously incurred as the sureties of the company.

This company was an association organized in 1838, under the act to authorize the business of banking, and it had become insolvent prior to the 26th of August, 1841. On that day a copy of a bill in a suit in this court commenced by Tracy and others against the company, was served on the President of the Company with notice of a motion to be made thereon for an injunction and a receiver, before the chancellor on the 30th of August. The bill was by creditors of the association, and prayed to have its effects placed in the hands of a receiver, and the company wound up. On the 30th of August, the motion was made, and the order granted for an injunction and receiver. The order was not served on the company till after the transfer in question. On the 20th of September, 1841, the complainant was appointed receiver of the company.

On the 31st of August, 1841, the finance committee of the association was convened at the President's dwelling-house in Gowanus, near New-York, (where he was detained by illness,) and the transfer in question ordered to be executed to Tylee. The amount of liabilities to be secured was stated to be $18,064 84. The President and the defendants, Strong and Davis, were present at this transaction. The two latter were interested in the security, and there was not a quorum of the committee without them. The assignment was accordingly executed by the company. It was dated September 1, 1841, and was acknowledged the next day.

There was no proof that any of the parties at the time of its execution, had been informed of the order for a receiver.

Tylee and the other persons indemnified, were stockholders, at or shortly before this time, and Tylee had been one of the cashiers of the institution, from its commencement until March, 1841. Messrs. Strong and Davis were directors through its whole existence.

The cause was heard on pleadings and proofs.

*G. N. Titus* and *M. S. Bidwell*, for the complainant.

*B. S. Brooks*, for the defendants.

THE ASSISTANT VICE-CHANCELLOR.—The transfers and conveyances made by the President of the insolvent association in question, to the defendant Tylee, were directly within the provisions of the eighth and ninth sections of the title of the Revised Statutes relating to "Monied Corporations," (1 Rev. St. 591.) In the language of the ninth section, they are not *valid in law,* and Mr. Tylee is *bound to account* for the property assigned, to the receiver as the trustee for the creditors and stockholders.

Independent of the statute, these proceedings could not be permitted to stand. They were a fraud upon this court and its process and proceedings. The President of the company had been served with a copy of Tracy's bill. He therefore, knew of the objects and grounds of the suit, and that an injunction and receiver had probably been granted when the finance committee met at his house. It is not improbable that all the members of the committee there present knew of the suit in this court, and of the occasion of their being called together at such an unusual place. Be that as it may, and without reference to any knowledge or information on the part of Mr. Tylee himself; the order for the injunction and receiver had actually been made before the meeting of the committee and before the President executed the transfers, and with previous notice to him of the motion for such order. It was palpably an attempt to evade the effect of the impending action of the court, and as the defendant does not claim as a bona fide purchaser without notice, the transfers must be set aside.

The pendency of the suit of Tracy against the company furnishes another ground on which the complainant is entitled to the relief prayed. This is the rule unquestionably, as to the personal estate assigned to Mr. Tylee, and I think in reference to the real estate he is not a *purchaser,* within the meaning of the statute requiring notice of the pendency of the suit to be filed. (2 R. S. 174, § 43.) The transfers were made to in-

demnify Mr. Tylee and others against a liability previously incurred for the company ; he was himself a stockholder of the company, and he alone now sets up a claim against the complainant. He parted with nothing on the faith of the transfers in question, and on their being avoided, will be left in the same situation that he was before they were made.

The defendant must transfer to the complainant all the property assigned to him which he has not already transferred under the order of the court ; and the conveyances made in pursuance of that order, are confirmed. He must also account for and pay over to the complainant all sums received by him from the property assigned.

As to costs, Mr. Tylee has litigated the complainant's claim without any probable cause. And I do not perceive how the defendants, Strong and Davis, who were interested with him, and who participated in the improper action of the finance committee on this subject, can be exonerated from the payment of costs,

The complainant is entitled to his costs against the three defendants last named.